```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
                                                                :
JULIA HERMES CASTILLO,                                          :
                                                                :   ORDER DENYING MOTION FOR
                                        Plaintiff,              :   RECONSIDERATION
                -against-                                       :
                                                                :   19 Civ. 7072 (AKH)
MORGAN STANLEY,                                                 :
                                                                :
                                        Defendant.              :
--------------------------------------------------------------- X
```

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiff Julia Hermes Castillo moves for reconsideration of my order enforcing a settlement agreement resolving her employment discrimination and retaliation claim against Defendant Morgan Stanley. Castillo claims that, contrary to the assertions of her prior attorney, she is not bound to the terms of a settlement agreement she never signed. For the reasons described herein, Castillo's motion is denied.

## BACKGROUND

        Castillo worked as a financial advisor for Morgan Stanley. Castillo, a Hispanic woman, alleges that Morgan Stanley issued an unjustified performance warning to her because of her race. The performance warning related to revenue generation, but Castillo claims it was actually motivated by Morgan Stanley's desire to hinder her career and prop up non-Hispanic financial advisors. When Castillo complained to Human Resources, Morgan Stanley allegedly retaliated by issuing an unjustified reprimand related to Castillo's compliance with various Morgan Stanley policies. Morgan Stanley ultimately terminated Castillo. Castillo then brought this suit for discrimination and retaliation under 42 U.S.C. § 1981.

        By letter dated March 2, 2020, ECF No. 13, Castillo's attorney, Robert T. Vance, Jr., advised the Court that the parties had reached a settlement after private mediation and

negotiations and that a completed settlement agreement (the "Settlement Agreement") was awaiting Castillo's signature. *See* ECF No. 20 (Settlement Agreement). The next day, based on the suggestion of settlement, I issued an order dismissing the case and giving either party the option to apply for restoration of the case if the settlement could not be consummated within thirty days. ECF No. 14.

On April 12, 2020, Vance moved to restore the action for the purpose of confirming the Settlement Agreement. In a sworn declaration accompanying the motion, ECF No. 15-1, Vance represented that counsel, with the participation of the parties, had reached a settlement after mediation and continued negotiations; that the parties agreed they would add a sentence about backpay reporting to the Settlement Agreement at Castillo's request; that, on March 20, 2020, Castillo said she approved of the Settlement Agreement once that sentence was added; that Vance informed counsel for Morgan Stanley that his client approved the Settlement Agreement; that all parties and counsel except Castillo signed the Settlement Agreement; and that Castillo told Vance she would return a signed signature page for the Settlement Agreement. Vance further represented that, despite Castillo's promises that she would sign the Settlement Agreement and numerous messages reminding her to do so, Castillo had failed to provide her signature. Vance never indicated that Castillo had any objections to consummation of the settlement.

I granted the motion to confirm the settlement. ECF No. 19 (the "Order"). I held that based on the parties' agreement following mediation and Castillo's oral agreement to the terms of the Settlement Agreement, the Settlement Agreement was an enforceable contract.

Now, Castillo, represented by new counsel, moves for reconsideration and to set aside the Order. Castillo claims that she never agreed to the terms of the Settlement Agreement. In fact, she says, she repeatedly expressed her disagreement to Vance, and she terminated Vance as her attorney. In support, Castillo provides, among other materials, a January 23, 2020 email,

2

in which she told Vance, in response to his explanation of the terms reached through mediation, "I don't understand nor do I agree to any of this"; a February 10, 2020 email, in which she told Vance, "I am not in agreement with the settlement agreement as written and suggest you cease from proceeding as if you're representing my wishes because you are not"; and a February 10, 2020 email, in which Vance told Castillo he would let Morgan Stanley know about her rejection of the settlement. ECF No. 22-1. In a sworn declaration, Castillo asserts that she never verbally accepted the terms of the Settlement Agreement as written. ECF No. 22-2. On May 14, 2020, Castillo wrote to Vance, "I am writing, to yet again, emphatically state that which has been made abundantly clear to you as [sic] at the failed Mediation meeting, you have been fired and you do not have a right to represent me in any way with anyone." ECF No. 22-3.

In response, Vance provides emails from late February and March 2020, which show that Castillo continued to participate in negotiation of settlement terms after she expressed her disagreement with terms and the manner of negotiations on January 23 and February 10. ECF No. 23-3. Vance reiterates that Castillo verbally agreed to the Settlement Agreement on March 20 and that they continued to communicate about her plans to provide a signature.

Morgan Stanley, who only had direct communications with Vance throughout the settlement process, maintains that this is a dispute between Vance and Castillo. Morgan Stanley is prepared to abide by the terms of the Settlement Agreement unless the Court orders otherwise.

## DISCUSSION

### I. Motion for Reconsideration

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (internal quotation marks omitted). "Under Local Rule 6.3, which governs motions for reconsideration, the moving party must demonstrate controlling law or factual matters put before the court on the underlying

3

motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision." *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003); *see also Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) ("A motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." (internal quotation marks omitted)); *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").

Castillo asks the Court to reconsider the determination that she formed a binding contract upon her verbal assent to the Settlement Agreement, as modified to include the sentence she requested. "Under New York law,[1] parties are free to bind themselves orally, and the fact that they contemplate later memorializing their agreement in an executed document will not prevent them from being bound by the oral agreement." *Ciaramella v. Reader's Digest Ass'n, Inc.*, 131 F.3d 320, 322 (2d Cir. 1997). "The intention of the parties on this issue is a question of fact, to be determined by examination of the totality of the circumstances." *Id.* Federal common law and Florida law are consistent with this principle. *Id.*; *Boyko v. Ilardi*, 613 So. 2d 103, 104 (Fla. Dist. Ct. App. 1993) (holding execution of settlement documents was mere formality rather than condition precedent to enforcement of settlement agreement where parties agreed orally).

---

[1] The parties cite the law of Florida, where Castillo lives and worked, and New York, where Morgan Stanley is headquartered. Though the Settlement Agreement contains a choice-of-law clause selecting New York law as the governing law, such provisions do not control choice of law as to contract formation issues. *See Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 119 (2d Cir. 2012) ("Applying the choice-of-law clause to resolve the contract formation issue would presume the applicability of a provision before its adoption by the parties has been established."). Furthermore, the fact that the settlement involves resolution of a federal claim raises the question of whether to apply federal common law to questions regarding enforcement. *Ciaramella v. Reader's Digest Ass'n, Inc.*, 131 F.3d 320, 322 (2d Cir. 1997). In any event, because these potential sources of law all generate the same result, I need not resolve the choice of law issue. *Id.*

Considering the totality of the circumstances, as I previously held, Castillo's verbal assent would be sufficient to bind her to the terms of the Settlement Agreement.

Both Vance and Castillo have provided to the Court incomplete pictures of their communications. Taking the evidence together, it is undisputed that Castillo rejected the settlement offer as it stood on January 23 and February 10, but that she continued to work with Vance and to participate in settlement negotiations in late February and March. Castillo's suggestion that her January 23 and February 10 communications indicate her unequivocal rejections of the final Settlement Agreement are nonsensical. She rejected offers in January and February but accepted a revised offer in March. That is the nature of the negotiation process.[2]

The key factual issue is whether Castillo verbally assented to the Settlement Agreement in a March 20 phone call with Vance. Vance claims, in two sworn declarations, that Castillo "expressly stated that she accepted the settlement and its terms (including the FINRA letter) and would sign the Settlement Agreement with the additional sentence added." ECF No. 15-1, ¶ 5; *see also* ECF No. 23-3. Addressing the March 20 phone call, Castillo claims in her affidavit, "I never stated on March 20, 2020 that I would accept the Settlement and Release *as written*." ECF No. 22-2, ¶ 4 (emphasis added). Castillo's inclusion of the phrase "as written" is important. As of March 20, the additional sentence about backpay reporting was not yet in the *written* documents. *See* ECF No. 15-1 (March 21, 2020 email from Vance to Morgan Stanley's counsel reminding counsel to add the sentence about backpay reporting to the written Settlement Agreement). Nowhere in the affidavit or emails provided does Castillo deny that she told Vance on March 20 that she accepted the Settlement Agreement that was *to be written*, i.e., with the

---

[2] Castillo also argues that she discharged Vance on January 15. However, her only support for this proposition is that she left the mediation session on that day once it became clear that the parties would not reach agreement. *See* ECF No. 22-2, ¶ 2. Leaving a mediation session does not indicate an intent to discharge counsel. This claim is further belied by her continued discussions with Vance. It was not until May 14 that she unequivocally terminated Vance

5

additional sentence about backpay reporting. Thus, Castillo's additional documentation would not have changed my ruling in the order. There is no evidence previously overlooked or even available now that would "reasonably be expected to alter the court's decision," so Castillo's motion for reconsideration is denied. *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003).

### II.     Motion to Strike

Vance moves to strike Castillo's reply memorandum of law in support of her motion for reconsideration. Vance argues that I should not consider the document because it was filed two days late. Courts have discretion to accept untimely filings in cases of excusable neglect, including "delays caused by inadvertence, mistake, or carelessness, at least when the delay was not long, there is no bad faith, there is no prejudice to the opposing party, and movant's excuse has some merit." *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) (internal citations and quotation marks omitted). There has been no assertion of bad faith in the brief delay or of prejudice that resulted from it. Therefore, the motion to strike is denied.

### III.    Newly Filed Case

By letter dated August 17, 2020, ECF No. 31, Morgan Stanley informed the Court that Castillo filed a new case against Morgan Stanley. That case, *Castillo v. Morgan Stanley Smith Barney, LLC*, No. 20cv6298, has not been designated as related to this case and has not been assigned to me. Morgan Stanley seeks a status conference in this case to discuss the propriety of the newly filed case and appropriate next steps. Because the case before me is already and shall remain closed, Morgan Stanley should seek whatever relief it deems appropriate in the newly filed case.

## CONCLUSION

In conclusion, Castillo's motion for reconsideration, ECF No. 21, is denied. Vance's motion to strike, ECF No. 27, is also denied. The Clerk is directed to terminated both motions. The case shall remain closed.

    SO ORDERED.

Dated:      August 26, 2020              /s/ Alvin K. Hellerstein
             New York, New York      ALVIN K. HELLERSTEIN
                                         United States District Judge